Filed 10/16/14  P. v. Woodward CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAVID WOODWARD,<br><br>    Defendant and Appellant. | 2d Crim. No. B254986<br>(Super. Ct. No. 14PT-00038)<br>(San Luis Obispo County) |

David Woodward appeals from the judgment, after a court trial, finding that he is a mentally disordered offender (MDO) within the meaning of Penal Code section 2962[1] and recommitting him to the California Department of Mental Health for treatment.  Prior to trial, the Board of Prison Hearings (BPH) held two hearings to review appellant's MDO status.  At the first hearing, the BPH deputy commissioner who conducted the hearing found that appellant did not meet the MDO criteria.  The Chief Deputy Commissioner of the BPH rescinded that finding and ordered a second annual review hearing.  At that hearing, the BPH found appellant was an MDO. Appellant contends the BPH lacked authority to hold the second hearing.  The trial court found appellant met the MDO criteria at the time of the second hearing and ordered him committed for further treatment.  We affirm.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

1

*Facts*

In December 2009, appellant was convicted of resisting an executive officer with force or violence (§ 69) after a physical confrontation with a woman from whom he had previously rented a room. In 2011, appellant was convicted of setting fire to an inhabited structure. (§ 452, subd. (b).) He was transferred to Atascadero State Hospital in November 2012, as a mentally ill inmate and initially certified as an MDO two days later. (§§ 2684, 2962.)

Kevin Perry, Ph. D., a forensic psychologist, conducted appellant's annual MDO evaluation in November 2013. Although he concluded that appellant suffers from the severe mental disorder of schizoaffective disorder, bipolar type, Perry also opined that appellant's symptoms are controlled by medication and can be kept in remission without treatment. He further opined appellant did not represent a substantial danger of physical harm to others by reason of his mental illness.

Perry's opinions were based on a clinical interview with appellant and on his review of appellant's Department of Corrections record and the hospital progress notes relating to appellant's treatment. During the interview, appellant presented with logical, linear thought processes. His mood, behavior and speech were appropriate to the situation. Appellant did not express any delusional ideas or other exhibit manic, paranoid or psychotic symptoms. Appellant's hospital records indicated he had not had a manic episode for more than six months. Although he experienced some auditory hallucinations in mid-September, these symptoms appeared to have resolved by the time of the evaluation. In addition, appellant had not been violent or threatening during the past year. He attended most of his scheduled group therapy sessions and took his medications as prescribed.

Appellant had engaged in some bizarre and violent behavior prior to his hospitalization, including one incident in prison during which he managed to pepper spray corrections officers during a cell extraction. In June 2012, appellant was placed in a mental health cell block. At that time, he was engaging in disorganized behaviors "including standing naked in his cell and drinking water out of his toilet and off of the

floor. He also made delusional statements about having 'special powers' at the time, and claimed to be persecuted by prison staff . . . ."

Since his hospitalization, however, appellant's symptoms were well controlled and he had not engaged in violent behavior. He had been compliant with treatment and demonstrated "good insight into his mental disorder and need for treatment." Dr. Perry concluded appellant no longer met the statutory criteria for recommitment as an MDO "because his symptoms are controlled, he has been compliant with treatment, and has not been violent or threatening during the past year."

On January 8, 2014, the BPH conducted appellant's annual review hearing. After Dr. Perry testified, the BPH deputy commissioner relied on his testimony to find that appellant no longer met the MDO criteria. The deputy commissioner recommended that appellant be released to community parole.

Appellant was not, however, released to community parole. Instead, on January 23, 2014, the Chief Deputy Commissioner of the BPH vacated the recommendation and scheduled the matter for a new hearing on February 25, 2014.[2] Dr. Perry learned from appellant's treatment providers that appellant experienced "active psychotic symptoms" during the month of February by expressing delusional beliefs and reporting auditory hallucinations. In addition, appellant had a physical altercation with another patient at the hospital, requiring that he be placed in full-bed restraints. Dr. Perry conducted another review of appellant's treatment records and composed a new report for the February 25 BPH hearing. At that hearing, Dr. Perry testified that, based primarily on appellant's behavior and condition in February, his

---

[2] Appellant augmented the record on appeal with Dr. Perry's first evaluation report and the deputy commissioner's recommendation from the January 8, 2014 hearing. Our record does not, however, include: the BPH order vacating the January 8, 2014 recommendation and scheduling the matter for a second hearing; the second evaluation report prepared by Dr. Perry; or the BPH order after the February 25, 2014 hearing. Consequently, the record on appeal allows us only to summarize Dr. Perry's testimony concerning the second evaluation, BPH hearing and resulting order.

severe mental disorder was not in remission and he posed a substantial danger of physical harm to others by reason of that disorder. The BPH recommitted appellant as an MDO for an additional year of treatment.

In the interim between the first and second BPH hearings, appellant petitioned the superior court for a trial to review his recommitment for MDO treatment. At the court trial, Dr. Perry testified, consistently with his February 2014 report, that appellant met the MDO criteria because he had recently experienced psychotic symptoms and had been violent with another patient. The trial court ordered appellant recommitted to the Department of Mental Health for treatment after finding that appellant met the MDO criteria as of the time of the February 25 BPH hearing.

*Discussion*

Appellant contends the trial court's order should be reversed because the BPH acted "improperly and illegally" when it rescinded its first recommendation and held a second hearing, resulting in the February 25, 2014 order for further treatment. He further contends the BPH violated his due process rights when it held the second hearing.

"Commitment as an MDO is not indefinite; instead, '[a]n MDO is committed for . . . one-year period[s] and thereafter has the right to be released unless the People prove beyond a reasonable doubt that he or she should be recommitted for another year.' (Citaion.)" (*Lopez v. Superior Court* (2010) 50 Cal.4th 1055, 1063, quoting *People v. McKee* (2010) 47 Cal.4th 1172, 1202.) If the BPH decides to continue an individual's parole beyond the initial one-year commitment period, the parolee "may request a hearing before the [BPH], and the board shall conduct a hearing if so requested, for the purpose of proving that the prisoner meets the [MDO] criteria in Section 2962." (§ 2966, subd. (a), (c).) If the parolee is not satisfied with the result of the BPH hearing, he or she may request a trial in the superior court to determine whether he or she met the MDO criteria as of the date of the BPH hearing. (§ 2966, subd. (b).)

4

The BPH has promulgated administrative regulations governing this annual review hearing process. Title 15, section 2580 of the Code of Regulations governs the annual review hearing itself. (Cal. Code Regs., tit. 15, § 2580.) Section 2041, subdivision (d) of the same title governs the BPH's decision making process. It provides that the recommendation made after an MDO annual review hearing "shall be reviewed by the chief deputy commissioner [of the BPH] or a designee. Within 20 days of the hearing, the chief deputy commissioner may: (i) affirm the proposed decision, (ii) order a new hearing, or (iii) modify the decision without a new hearing. No decision shall be modified without a new hearing if the modification would be adverse to the interests of the parolee. If the chief deputy commissioner disapproves the decision and orders a new hearing, the parolee shall be notified . . . ." (Cal. Code Regs., tit. 15, § 2041, subd. (d).)

We conclude the BPH did not act improperly or violate appellant's due process rights when it rescinded the decision made after his first annual review hearing and conducted a second hearing. Title 15, section 2041, subdivision (d) of the California Code of Regulations expressly authorizes this procedure.

Section 2966, subdivision (b) provides, "A prisoner who disagrees with the determination of the [BPH] that he or she meets the criteria of Section 2962, may file in the superior court . . . a petition for a hearing on whether he or she, as of the date of the [BPH] hearing, met the criteria of Section 2962." Appellant contends the trial court's recommitment order must be reversed because he filed his petition before the second BPH hearing occurred and there is no substantial evidence he met the MDO criteria as of the date of the first hearing. We are not persuaded. For the reasons stated above, the recommendation made by the BPH deputy commissioner after appellant's first review hearing was not the final determination of the BPH. Appellant's prematurely filed petition for review in the superior court does not alter the fact that the BPH completed its annual review at the February 25, 2014 hearing. The trial court found that respondent "has met the required burden of proof beyond a reasonable doubt that as of the time of the February 25 Board of Parole Hearings,

5

[appellant] continued to meet all of the criteria under the MDO law and, accordingly, he is recommitted for continuing treatment and his petition is denied." That finding is consistent with Dr. Perry's testimony at the trial and is, therefore, supported by substantial evidence.

*Conclusion*

The judgment and order dated March 4, 2014 affirmed.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P.J.

PERREN, J.

6

Teresa Estrada Mullaney, Judge

Superior Court County of San Luis Obispo

_____

Gerald J. Miller, under appointment by the Court of Appeal, fo Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, David A. Wildman, Deputy Attorney General, for Plaintiff and Respondent.